# Preston, Appellant, *v.* Philadelphia.

*Negligence—Municipality—City street—Pipes in street—Injury to child—Nonsuit.*

In an action against a municipality to recover damages for injuries alleged to have been sustained by a four year old child as a result of being caught and wedged between two large iron pipes left lying loose along the gutter of a city street, a nonsuit was properly entered where there was no evidence that the pipes were not placed upon the street in the usual manner, and where the presence of stakes to keep the pipes from moving might have proved more of a menace to the safety of children than their absence, and where the evidence did not show with a reasonable degree of certainty where the accident took place or the position of the pipes at the time of the accident, or that the length of time they had been left there was the proximate cause of the injury, or was necessarily unusual and unlawful.

Argued March 31, 1915. Appeal, No. 111, Jan. T., 1915, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., March T., 1911, No. 1858, refusing to take off nonsuit in case of Gladys Preston, by her Father and next friend, James Preston, and James Preston in his own right, v. City of Philadelphia. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries.

The pipes from which the injury was alleged to have resulted were 16 inches in diameter, 16 feet long and weighed each approximately 1,400 pounds.

STAAKE, J., filed the following opinion:

The claim before the court is that the defendant had

permitted for a long time previous to the accident complained of certain large pipes to remain in and upon the street or public highway immediately in front of and adjacent to the premises occupied by the plaintiff. Therefore, the first thing that is alleged as being the cause of the accident is the permitting of the pipes for a long time to remain upon the street. Also it is claimed that "The defendant further failed and neglected to protect the said pipes or fix them so that they would remain stationary and not prove a danger and menace to children who might come in contact with them, as one of the plaintiffs herein did."

Now, practically as I have read from the statement, it contains an averment of what was the duty of the municipality and that that duty had been violated in that the certain large pipes had been permitted to remain for a long time upon the street or public thoroughfare immediately in front of the premises described—and also that the city had failed and neglected to fix the pipes so that they would remain stationary and not prove a danger and menace to children. Then, referring to the amended statement, it is averred that:

"On or about the first day of March, A. D. 1910, the plaintiff, Gladys Preston, was either playing about or was in the act of crossing the street in close proximity to her home, 1340 East Haines street, when one of the pipes so permitted to remain in such a dangerous condition upon the said public thoroughfare, as a result of her body coming in contact with it, caught the body of the said Gladys Preston between it and another similar pipe, and as a result and in consequence thereof, she was seriously injured in and about her legs, head, back, spine and hip," etc.

Now, it is contended upon the part of the defendant, that it has not been shown what was the usual and reasonable length of time which water pipes such as have been described here could be placed upon and remain upon the highways of the City of Philadelphia—

pipe of that character and pipe that was placed there at the season of the year at which this pipe had been so placed—also that the plaintiff has failed to show by any explicit, definite and direct evidence, that the pipe so placed was at any time an obstruction to the use of the highway. It has been stated that the pipe was placed near the gutter or curb, in fact against the curb as some of the testimony was, but that the pipe was unlawfully upon the highway, it is averred, has not been shown by any evidence in the case,

It is also contended upon the part of the defendant that it was not necessarily unlawful to place water pipe along the public highway where it is intended to use such water pipe on that highway, unless the pipe has been placed there in such an unusual, irregular and unreasonable manner as to make it an obstruction to the street.

There is no evidence in the case thus far that the pipe was not placed there in the usual manner of placing such pipe upon the street. There has been a suggestion that pipes so placed should have stakes driven into the surface of the highway to hold the pipes in position, but at the same time the plaintiff has shown by a witness who seemed to have considerable knowledge with regard to such matters, that he never heard of such a thing, and there is no evidence of such stakes ever being so used, and in fact we know that the use of them might be more of a menace to the safety of children if they were placed so as to be above the upper edge of the pipes along the public highway, than if they were not there at all—even more of a menace than the pipes themselves.

But the difficulty which the court labors under here is, not on account of its not being shown that the occurrence did take place in front of, adjacent to, or in close proximity to No. 1340 East Haines street, but, giving the plaintiff the benefit of that, the difficulty is that it has not yet been shown with a reasonable degree of

certainty, not only just where it took place between 1372 and 1384 East Haines street, but it has not been shown what was the position, the condition of the particular pipes between which pipes this little girl became wedged on that day.

Nor is there any evidence as to just how this child became caught between the pipes, and not only that, but there is no explanation given at all to the jury as to matters concerning which there ought to be no uncertainty at all. Because if it was known that these particular pipes caused the injury, then it ought to have been very easy to show not only where the pipes were at the time, but also to show the conditions of these particular pipes, and how and where they were and what was the nature and character of the soil immediately under them. We have the mere fact that these pipes were originally lawfully placed there, and that they had been there a long time, without showing that the long time necessarily was the proximate cause of the injury, or that it was necessarily an unusual and unlawful time. It was shown that certain of the pipes had been rolled out by boys who pushed them to get their ball or whatever might be under the pipes, and that after so pushing them they would allow them to roll back against the curb, but it has not been shown that anything of that kind caused these injuries. Because this child was caught and injured as has been stated, we are asked to infer that the City of Philadelphia was necessarily negligent and that such negligence was the proximate cause of this injury.

Now, for the reasons that I have stated in the course of the discussion, I am not satisfied that the negligence of the city has been sufficiently and definitely proved for me to allow this case to go to the jury. Personally, of course, I sympathize with the child and with her parents, but, of course, the court is here to administer the law as the court believes the law to be.

The court entered a nonsuit, which it subsequently refused to take off.   Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellants.

*James J. Breen,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee.

PER CURIAM, April 19, 1915:
The judgment is affirmed on the opinion of the learned court below in entering the nonsuit.